**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO (EASTERN) DIVISION**

| | | |
|---|---|---|
| In re:    Gustavo Garcia | § | Case No. 21-10102-DDC |
| | § | |
| | § | |
| Debtor(s) | § | |

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on 08/30/2021. The undersigned trustee was appointed on 08/30/2021.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. § 704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized the gross receipts of     $     30,000.00

     Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 7,871.90 |
| Bank service fees | 107.70 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemption paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1]     $ | 22,020.40 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 04/21/2022 and the deadline for filing governmental claims was 04/21/2022. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $3,750.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $3,750.00, for a total compensation of $3,750.00.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:  01/24/2023                         By:  /s/ Reed A Heiligman
                                                    Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

FORM 1     Exhibit A
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**     Page: 1

| | |
|---|---|
| **Case Number:** 21-10102 DDC | **Trustee:** Reed A Heiligman |
| **Case Name:** Gustavo Garcia | **Filed (f) or Converted (c):** 08/30/21 (f) |
| | **§341(a) Meeting Date:** 09/22/21 |
| **Period Ending:** 01/24/23 | **Claims Bar Date:** 04/21/22 |

| Ref # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) Abandon | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | 7951 S. Austin, Burbank, IL<br>Equity buy back purusant to Dkt. No. 46. | 242,100.00 | 0.00 | | 30,000.00 | FA |
| 2 | Nissan :Rogue 2009  103000 miles | 3,090.00 | 0.00 | | 0.00 | FA |
| 3 | Nondescript furniture, silverware, etc | 500.00 | 0.00 | | 0.00 | FA |
| 4 | Cell phone | 50.00 | 0.00 | | 0.00 | FA |
| 5 | Clothing | 300.00 | 0.00 | | 0.00 | FA |
| 6 | Checking account: US Bank | 100.00 | 0.00 | | 0.00 | FA |
| 7 | US Bank | 200.00 | 0.00 | | 0.00 | FA |
| 8 | 401(k) or similar plan: 401K | 262,000.00 | 0.00 | | 0.00 | FA |
| **TOTALS** (Excluding Unknown Values) | | **$508,340.00** | **$0.00** | | **$30,000.00** | **$0.00** |

**Major activities affecting case closing:**
<1/23/2023, 2:51:49 PM - Reed--2194>
Final report forthcoming
<9/12/2022, 7:32:35 PM - Reed--2194>
Retaining accountant to prepare estate return.

<3/9/2022, 4:42:25 PM - Reed--2194>
Redolved exmption issue for $30k; order approving compromise [Dkt. No. 46]

<1/18/2022, 7:52:54 PM - Reed--2194>
Exemption issue resolved in principle; 9019 motion forthcoming
<1/6/2022, 12:02:27 PM - Reed--2194>
Retained counsel [Dkt. No. 40] and extended time to object to exemptions [Dkt. No. 39]
<9/28/2021, 3:52:26 PM - Reed--2194>
Investigating tenancy by the entirety issue and looking at divorce assets.

**Initial Projected Date of Final Report (TFR):** March 01, 2023     **Current Projected Date of Final Report (TFR):** March 01, 2023

| | |
|---|---|
|      January 24, 2023      | /s/ Reed A Heiligman |
| Date | Reed A Heiligman |

**Form 2**

**Cash Receipts and Disbursements Record**

Exhibit B

Page: 1

| **Case Number:** | 21-10102 DDC | **Trustee:** | Reed A Heiligman |
| --- | --- | --- | --- |
| **Case Name:** | Gustavo Garcia | **Bank Name:** | Signature Bank |
| | | **Account:** | ******0959 - Checking |
| **Taxpayer ID#:** | **-***0241 | **Blanket Bond:** | $77,173,558.00 (per case limit) |
| **Period Ending:** | 01/24/23 | **Separate Bond:** | N/A |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- |
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Receipts $ | Disbursements $ | Checking Account Balance |
| 03/28/22 | Asset #1 | Gustavo Garcia | Funds received from Debtor; equity buyback in home [Dkt. No. 46] | 1110-000 | 30,000.00 | | 30,000.00 |
| 05/31/22 | 1001 | Law Office of Zane Zielinski, PC | First Interim Compensation pursuant Order entered May 25, 2022 [Dkt. No. 48] | | | 7,871.90 | 22,128.10 |
| 05/31/22 | | Law Office of Zane Zielinski, PC | First Interim Compensation 7,805.00 pursuant Order entered May 25, 2022 [Dkt. No. 48] | 3110-000 | | | 22,128.10 |
| 05/31/22 | | Law Office of Zane Zielinski, PC | Attorney Expenses pursuant 66.90 to Order entered May 25, 2022 [Dkt. No. 48] | 3220-000 | | | 22,128.10 |
| 10/31/22 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 35.96 | 22,092.14 |
| 11/30/22 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 35.90 | 22,056.24 |
| 12/30/22 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 35.84 | 22,020.40 |

| | | | |
| --- | --- | --- | --- |
| **ACCOUNT TOTALS** | 30,000.00 | 7,979.60 | $22,020.40 |
| Less: Bank Transfers | 0.00 | 0.00 | |
| **Subtotal** | 30,000.00 | 7,979.60 | |
| Less: Payment to Debtors | | 0.00 | |
| **NET Receipts / Disbursements** | **$30,000.00** | **$7,979.60** | |

**Form 2**

Exhibit B

**Cash Receipts and Disbursements Record**

Page: 2

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---:|---:|---:|
| **Checking # ******0959** | 30,000.00 | 7,979.60 | 22,020.40 |
| | $30,000.00 | $7,979.60 | $22,020.40 |

# Exhibit C
## Claims Register
### Case: 21-10102-DDC    Gustavo Garcia

Total Proposed Payment: $22,020.40            Claims Bar Date: 04/21/22

| Claim Number | Claimant Name / Category, Priority | Claim Type / Date Filed | Claim Ref. / Notes | Amount Filed / Allowed | Paid to Date / Proposed | Claim Balance |
|---|---|---|---|---|---|---|
|  | Reed A Heiligman<br>848 Dodge Ave.<br>Ste. 443<br>Evanston, IL 60202<br>2100-00   Trustee Compensation, 200 | Admin Ch. 7<br>03/28/22 |  | $3,750.00<br>$3,750.00 | $0.00<br>$3,750.00 | $3,750.00 |
|  | Law Office of Zane Zielinski, PC<br>6336 North Cicero Ave.<br>Suite 201<br>Chicago, IL 60646<br>3220-00   Attorney for Trustee Expenses (Other Firm), 200 | Admin Ch. 7<br>05/31/22 | Retained per Dkt. No. 40 | $66.90<br>$66.90 | $66.90<br>$0.00 | $0.00 |
|  | Law Office of Zane Zielinski, PC<br>6336 North Cicero Ave.<br>Suite 201<br>Chicago, IL 60646<br>3210-00   Attorney for Trustee Fees (Other Firm), 200 | Admin Ch. 7<br>05/31/22 | Retained per Dkt. No. 40 | $7,805.00<br>$7,805.00 | $7,805.00<br>$0.00 | $0.00 |
|  | Wesler & Associates<br>PO Box 19016<br>Kalamazoo, MI 49019<br>3410-00   Accountant for Trustee Fees (Other Firm), 200 | Admin Ch. 7<br>01/24/23 | Retained pursuant to Dkt. No. 53 | $0.00<br>$1,752.64 | $0.00<br>$1,752.64 | $1,752.64 |
| 1 | Citibank, N.A.<br>5800 S Corporate Pl<br>Sioux Falls, SD 57108-5027<br>7100-00   General Unsecured § 726(a)(2), 610 | Unsecured<br>02/09/22 |  | $239.79<br>$239.79 | $0.00<br>$14.59 | $239.79 |
| 2 | U.S. Bank National Association<br>Bankruptcy Department<br>PO Box 108<br>Saint Louis, MO 63166<br>7100-00   General Unsecured § 726(a)(2), 610 | Unsecured<br>04/11/22 |  | $872.11<br>$872.11 | $0.00<br>$53.07 | $872.11 |
| 3 | U.S. Bank National Association<br>Bankruptcy Department<br>PO Box 108<br>Saint Louis, MO 63166<br>7100-00   General Unsecured § 726(a)(2), 610 | Unsecured<br>04/11/22 |  | $1,056.41<br>$1,056.41 | $0.00<br>$64.29 | $1,056.41 |
| 4 | Dyck-O'Neal, Inc.<br>P.O. Box 601549<br>Dallas, TX 75360<br>7100-00   General Unsecured § 726(a)(2), 610 | Unsecured<br>04/12/22 |  | $269,269.15<br>$269,269.15 | $0.00<br>$16,385.81 | $269,269.15 |
|  |  |  | **Case Total:** | **$284,812.00** | **$7,871.90** | **$276,940.10** |

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 21-10102-DDC
Case Name: Gustavo Garcia
Trustee Name: Reed A Heiligman

**Balance on hand:** $ 22,020.40

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| **NONE** | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 22,020.40

Application for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Reed A Heiligman | 3,750.00 | 0.00 | 3,750.00 |
| Attorney for Trustee, Fees - Law Office of Zane Zielinski, PC | 7,805.00 | 7,805.00 | 0.00 |
| Attorney for Trustee, Expenses - Law Office of Zane Zielinski, PC | 66.90 | 66.90 | 0.00 |
| Accountant for Trustee, Fees - Wesler & Associates | 1,752.64 | 0.00 | 1,752.64 |

Total to be paid for chapter 7 administration expenses: $ 5,502.64
Remaining balance: $ 16,517.76

Application for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| **NONE** | | | |

Total to be paid for prior chapter administration expenses: $ 0.00
Remaining balance: $ 16,517.76

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| **NONE** | | | | |

**UST Form 101-7-TFR (05/1/2011)**

|  | Total to be paid for priority claims: | $ | 0.00 |
|---|---|---|---|
|  | Remaining balance: | $ | 16,517.76 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $271,437.46 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 6.085 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Citibank, N.A. | 239.79 | 0.00 | 14.59 |
| 2 | U.S. Bank National Association Bankruptcy Department | 872.11 | 0.00 | 53.07 |
| 3 | U.S. Bank National Association Bankruptcy Department | 1,056.41 | 0.00 | 64.29 |
| 4 | Dyck-O'Neal, Inc. | 269,269.15 | 0.00 | 16,385.81 |

|  | Total to be paid for timely general unsecured claims: | $ | 16,517.76 |
|---|---|---|---|
|  | Remaining balance: | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claims dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| **NONE** | | | | |

|  | Total to be paid for tardy general unsecured claims: | $ | 0.00 |
|---|---|---|---|
|  | Remaining balance: | $ | 0.00 |

**UST Form 101-7-TFR (05/1/2011)**

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | NONE | | |

|  |  |
|---|---|
| Total to be paid for subordinated claims: | $ 0.00 |
| Remaining balance: | $ 0.00 |

**UST Form 101-7-TFR (05/1/2011)**